# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**YUSEF LATEE WILLIAMS,**

    **Plaintiff,**

    v.                                           Case No. 09-C-403

**MICHAEL THURMER and RICK RAEMISCH,**

    **Defendants.**

## ORDER

Pro se plaintiff Yusef Latee Williams, a Wisconsin state prisoner, brings this § 1983 action against defendants claiming that they violated his Fourteenth Amendment rights. I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff filed an inmate complaint alleging that his conduct reports from 1996 to 2004 were all flawed. Because Wis. Admin. Code § DOC 310.08(2)(e) prohibits complaints challenging an inmate record, the examiner denied the complaint. Waupun Correctional Institution Warden Michael Thurmer rejected plaintiff's appeal. Plaintiff also alleges that Wisconsin Department of Correction (DOC) Secretary Rick Raemisch maintains and enforces unconstitutional regulations concerning notice for disciplinary hearings. See Wis. Admin. Code §§ DOC 303.75, 303.76, and 303.81. He claims that both

defendants deprived him of his Fourteenth Amendment right to correct information in his file. Plaintiff seeks reinstatement to his prison job, expungement of all conduct reports from his prison record, compensatory damages, and punitive damages.

I will dismiss without prejudice plaintiff's claim against Thurmer. Plaintiff has a limited right to expunge false information from his prison records if it is relied upon to a constitutionally significant degree. Tayr Kilaab Al Ghashiyah v. Frank, 2006 U.S. Dist. LEXIS 29083, 25-26 (E.D. Wis. 2006). He claims that the Fourteenth Amendment is implicated because parole officials rely on the inaccurate information in his file. However, plaintiff has no protected liberty interest under Wisconsin's discretionary parole regime until he reaches his mandatory release date. Grennier v. Frank, 453 F.3d 442, 444 (7th Cir. 2006). Even liberally reading his complaint plaintiff has failed to allege that mandatory release is at stake, and thus has not stated a claim under the Fourteenth Amendment.

I also dismiss plaintiff's Fourteenth Amendment claim against Raemisch. Plaintiff alleges that Raemisch enforces unconstitutional DOC disciplinary regulations. He does not, however, provide any explanation for that assertion. The minimum requirements of procedural due process for state prison disciplinary hearings compel that prisoners receive advance written notice of the charges in order to prepare their defenses. Wolff v. McDonnell, 418 U.S. 539 (1974). The administrative code sections he identifies do exactly that. Plaintiff has not provided any arguable basis for relief on this claim, and thus I will dismiss it.

For the reasons stated,

**IT IS ORDERED** that the complaint is **DISMISSED** with leave to refile an amended complaint. The amended complaint shall be filed on or before March 1, 2010.

2

Case 2:09-cv-00403-LA   Filed 02/01/10   Page 2 of 3   Document 3

Dated at Milwaukee, Wisconsin this 29 day of January, 2010.

/s_____
LYNN ADELMAN
District Judge